**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Manspot LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> Manscaped LLC, <br><br> *Defendant*. | **CASE NO.** <br><br> **Jury Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Manspot LLC ("Plaintiff" or "Manspot"), against Defendant Manscaped, LLC("Defendant" or "Manscaped"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment seeking relief under the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, and Federal Rule of Civil Procedure 57, that Plaintiff has not infringed any alleged trademark right of Manscaped (including any of Defendant's predecessors and/or successors in interest), directly, contributorily, or vicariously.

2. A case or controversy exists under the Federal Declaratory Judgment Act because Defendant has demanded that Manspot stop using its "Manspot" mark on the ground that the mark violates Defendant's Manscaped mark.

3. Plaintiff's Mark and Defendant's Mark are different in appearance, meaning, and commercial impression. Plaintiff's trademark is not confusingly similar to Defendant's trademark.

## JURISDICTION AND VENUE

4. On November 30, 2023, the Defendant sent a cease and desist letter to the Plaintiff. Exhibit A. The Circumstances show that there is a substantial controversy between Plaintiff and Defendant. Defendant has asserted in writing that Plaintiff has been and still is engaging in acts of trademark infringement, and trade dress infringement and have demanded Plaintiff to stop using Plaintiff's own trademark.

5. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon store and their own website <https://www.manscaped.com/>. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois. Defendant is engaging in interstate commerce, and has wrongfully accused Plaintiff for infringement in the United States, including Illinois.

## THE PARTIES

**THE PLAINTIFF**

6. The Plaintiff is a Limited Liability Company based at 8763 Pine Ave Unit B38, Saint Louis, MO 63144.

7. Plaintiff owns a valid registered trademark "Manspot." (Reg. No. 6944681). Exhibit B.

**THE DEFENDANT**

8. Defendant is a Limited Liability Company based at 3753 Howard Hughes Parkway, Suite 200, Las Vegas, Nevada United States 89169.

9. Defendant owns several valid registered trademarks "Manscaped".

## FACTTUAL BACKGROUND

10. Plaintiff is mainly in the business of selling electronic trimmers, alongside some deodorant spray and wipes products.

11. Defendant is in the business of manufacturing and selling shaving devices, accessories, and skin care products.

12. On November 13, 2023, Plaintiff received a cease and desist letter issued by the Defendant.

13. In this letter, Defendant accused Plaintiff for infringing Defendant's trademark and trade dress(fonts, colors and themes in packaging and marketing).

14. The Defendant has provided three sets of screenshots as alleged infringing evidence, consisting of both the Plaintiff's Amazon and official website selling page and the Defendant's own selling page for comparison.








15. Plaintiff's trademark and Defendant's trademark are different in appearance, meaning, sound and commercial impression.

16. Plaintiff's trademark and products have coexisted with Defendant's trademark and products for at least 2 and a half years, during which there have been no reported instances of actual confusion. Therefore, it is implausible to suggest consumer confusion.

## COUNT I
**(Declaration of Non-infringement of Trademark)**

17. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

18. This claim arises from an actual and justiciable controversy between the parties regarding whether Plaintiff's use of its own trademark Manspot infringed Defendant's trademark Manscaped.

19. Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not infringed any cognizable trademark rights for Defendant.

## COUNT II
### (Declaration of Non-infringement of Trade Dress)

20. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

21. This claim arises from an actual and justiciable controversy between the parties regarding whether Plaintiff's use of its package and marketing infringed Defendant's trade dress.

22. A declaratory judgment would resolve all aspects of the controversy in a single proceeding.

23. A declaratory judgment would serve a useful purpose in clarifying the legal relations at issue.

24. Defendant has not registered any trade dress with the USPTO. Additionally, Defendant lacks trade dress rights to assert because the alleged trade dress in question is not inherently distinctive.

25. Even if Defendant's trade dress is valid, there is no likelihood of confusion between Plaintiff's trade dress and Defendant's trade dress; therefore, Plaintiff did not infringe upon Defendant's trade dress.

26. Plaintiff is entitled to judgment, declaring that Plaintiff does not infringe upon Defendant's trade dress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment in favor of Plaintiff against Defendant.

2. Declaring that Plaintiff's use of the trademark "Manspot" does not infringe Defendant's trademark "Manscaped".

3. Declaring that Plaintiff's trade dress does not infringe Defendant's alleged trade dress.

**Jury Trial Demand**

Plaintiff hereby demands a jury trial on all issues so triable.

Date: January 3, 2024

/s/ Ruoting Men
Ruoting Men, Esq.
GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting.men@glacier.law
332-261-8227
***Attorney for Plaintiff***